IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUD COTTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-18-895-F |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the Motion for Attorney Fees Under 42 U.S.C. § 406(b), filed by plaintiff, Claud Cottrell, and plaintiff's counsel, Miles L. Mitzner, on March 22, 2023. Doc. no. 26. Plaintiff has requested an award of $31,265.91 in fees under § 406(b). Defendant has responded to the motion, doc. no. 28, and as directed by the court, has supplemented her response, doc. no. 34, attaching a newly issued Notice of Award, dated May 14, 2023. Although permitted to file a reply to the supplemental response, no reply has been filed by plaintiff and plaintiff's counsel within the time specified by the court. Upon review of the parties' submissions and applicable law, the court makes its determination.

The court concludes the requested fee of $31,265.91 is reasonable in amount in this contingency matter, in relation to the benefits and services received for the fees. Plaintiff was awarded past-due benefits in the amount of $126,503.90. The amount of attorney's fees requested is not more than 25% of the past-due benefits awarded. It is also consistent with the contingency fee agreement between plaintiff and plaintiff's counsel which is to be given primacy under Gisbrecht v. Barnhart,

535 U.S. 789 (2002), and it is not subject to reduction under the Gisbrecht factors. The legal work performed by counsel was of professional quality. Without the legal work performed by counsel, there presumably would not have been a court order reversing defendant's denial of plaintiff's application for disability insurance benefits and no subsequent award of $126,503.90 in past-due benefits. In the court's view, counsel is not the cause of the delay in reaching a favorable decision in this case. Further, the court concludes that the requested attorney's fees do not result in a windfall for counsel considering the contingent nature of the claim.

The court concludes that the request for attorney's fees is timely. The attorney's fees motion was filed within the time specified by the court in its March 20, 2023 order (doc. no. 25).

The court concludes that defendant shall pay directly to plaintiff's counsel, Miles L. Mitzner, the $24,425.98 still being withheld from plaintiff's past-due benefits for attorney's fees.[1] Because plaintiff's counsel has previously sought and received a $5,900.00 fee award pursuant to the Equal Access to Justice Act (EAJA), counsel, upon receipt of the section 406(b) fees from defendant, must refund that award to plaintiff.

Accordingly, the Motion for Attorney Fees Under 42 U.S.C. § 406(b), filed by plaintiff, Claud Cottrell, and plaintiff's counsel, Miles L. Mitzner (doc. no. 26), is **GRANTED**. Plaintiff's counsel is awarded attorney's fees under section 406(b) in the sum of $31,265.91.

Defendant shall pay directly to Mr. Mitzner the $24,425.98 still being withheld for attorney's fees from plaintiff's past-due benefits.

---

[1] Defendant also withheld $7,200.00 from plaintiff's past-due benefits, $7,200.00, which was paid to the appointed representative for services at the agency level.

Upon receipt of the section 406(b) fees from defendant, Mr. Mitzner shall refund to plaintiff the previously awarded EAJA fees of $5,900.00.

IT IS SO ORDERED this 1st day of June, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0895p011.docx